IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-00139-F

| | |
|---|---|
| ANTHONY LEE MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis*. (DE-1). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, for the reasons that follow, the undersigned recommends that Plaintiff's complaint be found insufficient to survive review under 28 U.S.C. § 1915.

**Pre-Filing Injunction**

Plaintiff is a well-known litigant in this Court who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). As a result, Plaintiff is now under a pre-filing injunction in this district enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

Plaintiff's latest complaint is chiefly gibberish. He repeatedly refers to his "enslavement" and states he is now seeking "injunction [sic] relief requesting for an expundege [sic] to the

unconstitutional acts and prior convictions by the parties and state of North Carolina." Compl. 3, DE-1-2. The undersigned construes this statement to mean that Plaintiff is seeking to have his criminal record expunged. Plaintiff has attached a copy of the pre-filing injunction to his complaint as required by the order of this Court. Inasmuch as he appears to request injunctive relief only, and not monetary damages, the undersigned concludes that Plaintiff has complied with the pre-filing injunction.

### **Complaint**

Plaintiff sets forth no facts in his complaint. When a plaintiff seeks to proceed *in forma pauperis* in a civil action, the court must review the complaint and dismiss any case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Here, Plaintiff's complaint is chiefly gibberish and sets forth nothing more than "labels and conclusions." He articulates no set of facts stating a cognizable claim. For these reasons, Plaintiff's complaint is frivolous and should be dismissed.

2

**Conclusion**

The undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (DE-1) be GRANTED, but that his complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, July 24, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE