UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-139-F

| | |
|---|---|
| ANTHONY LEE MCNAIR,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This matter is before the court for consideration of United States Magistrate Judge William A. Webb's Memorandum and Recommendation ("M&R") [DE-4] on the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* [DE-1]. Judge Webb recommends Plaintiff's motion to proceed *in forma pauperis* be allowed, but that his complaint be dismissed as frivolous under 28 U.S.C. § 1915. Plaintiff has filed an objection [DE-5] to the M&R, and two additional motions: "Motion for Protection and Speedy" [DE-6] and "Speedy Prayer Motion(s) for Protection" [DE-7].

## ANALYSIS

As Judge Webb noted in the M&R, Plaintiff has filed more than a dozen actions in this court, most of which has been dismissed as frivolous. *See McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). As a result of these frivolous lawsuits, Plaintiff is now subject to a pre-filing injunction enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994), or any suit involving a constitutional

challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

In the M&R, Judge Webb concludes that Plaintiff has complied with the prefiling injunction because he appears to request injunctive relief only. Nevertheless, Judge Webb recommends that Plaintiff's proposed complaint be dismissed. Judge Webb accurately describes the proposed complaint attached to Plaintiff's motion for leave to proceed *in forma pauperis* as "chiefly gibberish." M&R [DE-4] at p. 2. Plaintiff designates the "United States" as the defendant in the caption of the proposed complaint, but goes on to a list a number of individuals within the body of the complaint–some of them employees of the United States District Court, and the others various officials employed by political subdivisions of the State of North Carolina, based on the allegations raised in Plaintiff's numerous other actions. As Judge Webb accurately observes, Plaintiff's proposed complaint sets forth nothing more than "labels and conclusions" and contains no facts stating a cognizable claim.

In response to Judge Webb's M&R, Plaintiff filed a document captioned "Responses and Replies" [DE-5], which this court construes as an objection to the M&R. Within the document, Plaintiff attempts to provide factual support for the various labels and conclusions he asserted in his original proposed complaint. Even if the court construes this document as an attempt to amend his proposed complaint, however, the action still must be dismissed as frivolous.

First, as mentioned above, Plaintiff names the "United States" as the sole Defendant. The vast majority of the allegations contained in Plaintiff's "Responses and Replies," however, concern law enforcement officers and prosecutors not employed by the United States, the City of Rocky Mount police department, and officials of the City of Rocky Mount and the County of

2

Tarboro. It is not apparent from Plaintiff's filings how the United States could be liable for the actions of these local government employees and officials. Plaintiff merely alleges that he "hold[s] the U.S of America liable for not protecting the Pro Se Anthony L. McNair as a citizen of the U.S., whom guaranteed equal protection." Responses and Replies [DE-5] at p. 7. This is insufficient to state a claim against the United States. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("[A] complaint [will not] suffice it if tenders 'naked assertion[s]' devoid of 'further factual enhancements.'")(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Second, to the extent that Plaintiff complains about rulings made in previous actions in this court, he already has appealed those rulings to the Fourth Circuit Court of Appeals where they were affirmed. *See McNair v. Tarboro County District Attorney's Office*, 5:10-CV-545-FL, January 24, 2011, Order dismissing Plaintiff's claims, *aff'd*, No. 11-1100 (4th Cir. March 21, 2011); *McNair v. Rocky Mount District Attorney's Office*, 5:10-CV-546-FL, January 24, 2011, Order dismissing Plaintiff's claims, *aff'd*, No. 11-1161 (4th Cir. April 15, 2011); *McNair v. Rocky Mount District Attorney's Office*, 5:10-CV-561-FL, January 24, 2011, Order dismissing Plaintiff's claims, *aff'd*, No. 11-1161 (4th Cir. April 15, 2011). To the extent that Plaintiff attempts to allege that various Clerk of Court employees conspired with various state actors to violate his rights, his conclusory and speculative allegations fail to state a claim against any of the employees. *See Stephens v. Herring*, 827 F. Supp. 359, 365 (E.D. Va. 1993) (finding that the plaintiff's conspiracy allegations against a federal judge failed as a matter of law where he only alleged conclusions that the judge conspired with opposing parties and ruled against the plaintiff in a previous action). Accordingly, Plaintiff fails to state any cognizable claim entitling to him injunctive relief against the United States.

For the foregoing reasons, and upon a *de novo* review, the court ADOPTS the M&R, and Plaintiff's application to proceed *in forma pauperis* [DE-1] is ALLOWED, but his Complaint is DISMISSED.

**CONCLUSION**

Upon the court's *de novo* review and for the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is ALLOWED, but his Complaint is DISMISSED. Any other pending motions are DENIED as moot.

SO ORDERED.

This the 26 day of October, 2012.

*James C. Fox*
James C. Fox
Senior United States District Judge